# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2022

Lyle W. Cayce
Clerk

No. 20-60611
Summary Calendar

Ayan Khakim; Ayaz Nurmukhambetov,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 473 177
Agency No. A201 473 178

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Brothers Ayan Khakim and Ayaz Nurmukhambetov petition for review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal from a decision of the Immigration Judge (IJ) concluding that

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

they were not credible and were ineligible for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Insofar as they raise claims that were not timely presented to the BIA, these claims are unexhausted, so we lack jurisdiction to consider them. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); 8 U.S.C. § 1252(d)(1).

Their preserved arguments concerning the BIA's credibility assessment, membership in a particular social group (PSG), and CAT relief are reviewed under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we review the decision of the BIA and consider the IJ's decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The BIA's credibility determination is supported by "specific and cogent reasons derived from the record," *see Zhang*, 432 F.3d at 344, and consideration of the record as a whole does not show that "no reasonable fact-finder" could make such a determination, *see Singh*, 880 F.3d at 225 (internal quotation marks and citation omitted); *see also id.* at 224. The adverse credibility finding is also a sufficient basis for the BIA's decision that the petitioners were ineligible for asylum and withholding. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Accordingly, we need not consider their particular social group argument. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Finally, they have not shown that the evidence compels a conclusion contrary to that of the BIA on the issue whether they will more likely than not be tortured if repatriated. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *Zhang*, 432 F.3d at 344. The petition for review is DENIED in part and DISMISSED in part.